UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel J. Anderson,                                              Civ. No. 15-2672 (PAM/TNL)

          Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

Dakota, Minnesota & Eastern
Railroad Corporation,

          Defendant.

---

This matter is before the Court on Defendant's Motion to Exclude Expert Testimony. As stated at the hearing, and for the following reasons, the Motion is denied.

**BACKGROUND**

In August 2012, Plaintiff Daniel Anderson was injured while working for Defendant Dakota, Minnesota & Eastern Railroad ("DM&E"). He was stepping down the ladder on the outside of a railcar when he missed the last step and fell off the car, injuring his ankle. After his fall, two DM&E employees inspected the car and took photographs of the ladder and the sill step, which is the step below the last rung of the ladder. In two of these photographs, the employees included tape measures to show the distance between the sill step and the railcar, and the sill step and the step above it.

Plaintiff hired Michael O'Brien, a "practicing railroad safety consultant with 47 years of railroad industry experience," to analyze these photographs. (Ferguson Aff. Ex. B (O'Brien's Prelim. Report).) He concluded that the tape measure showed a distance to the outside of the sill step that was greater than that allowed by federal safety regulations.

He also used the photographs to opine that the area between the step and the rail car (the "clear depth") was six inches, or two inches less than the minimum depth federal regulations require.  O'Brien did not perform any inspection of his own, and thus his opinion that DM&E violated the regulations is based solely on these photographs.

**DISCUSSION**

> Expert opinion testimony from a qualified expert is admissible if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Court's role is to act as a "gatekeeper" to ensure that only relevant and reliable expert testimony is admitted.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).  To determine reliability, the Court should examine (1) whether the theory or technique can be and has been tested, (2) whether it has been subjected to peer review and publication, (3) the known rate of potential error, and (4) whether the theory or technique has been generally accepted.  Id. at 592-95.

But "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."  Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir.

2001) (citation and quotation omitted).  The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury."  Id. at 929-30.

DM&E challenges O'Brien's use of the tape measure in the photos to judge the actual distance of objects in the photo.  According to DM&E, O'Brien should have used photogrammetry, which is a mathematical method of determining three-dimensional geometric properties of objects and features through the use of two-dimensional photographs, to determine the true measured distance in the photos.  Because O'Brien did not use photogrammetry, DM&E contends that O'Brien's testimony must be excluded.

Plaintiff argues that DM&E's causation expert does not dispute the measurements in the photographs.  Rather, the dispute is whether the regulations require measuring from the skin of the railcar or the handle of the ladder.  DM&E responds that its expert did not agree that the measurements in the photographs were accurate.  But whether there is agreement is not relevant.  There is no dispute that the photographs are admissible.  If O'Brien's interpretation of the photographs is incorrect, then DM&E's expert can use photogrammetry to calculate accurate measurements and DM&E can present that evidence and/or cross-examine O'Brien with that evidence.

O'Brien's testimony is not so unreliable as to be excludable.  DM&E's arguments in this Motion go to the weight the jury should give his testimony, not to its reliability.

DM&E also asks the Court to preclude O'Brien from testifying as to the contents of the form DM&E was statutorily required to file after the accident.  The statute provides

3

that this form cannot be "admitted into evidence or used for any purpose in any suit or action for damages growing out of any matter mentioned in said report."  49 U.S.C. § 20903.  But O'Brien will not testify to the contents of the form.  He is entitled to look at the form, and to the extent its contents are reflected in other documents in the record, he may rely on that information in forming his opinion regarding causation.

**CONCLUSION**

DM&E has not established that O'Brien's testimony is "so fundamentally unsupported that it can offer no assistance to the jury."  Bonner, 259 F.3d at 929-30.  Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Exclude Expert Testimony (Docket No. 88) is **DENIED**.

Dated: November 22, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge