UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel J. Anderson,                                    Case No. 15-cv-2672 (PAM/TNL)

            Plaintiff,

v.                                                                                      **ORDER**

Dakota, Minnesota & Eastern
Railroad Corporation,

            Defendant.

_____

This matter is before the Court on the parties' Motions in Limine.[1]

**A.    Anderson's Motions**

    **1.    Collateral Source Benefits**

Anderson first asks the Court to exclude all evidence and arguments about him receiving collateral source benefits including, but not limited to, U.S. Railroad Retirement Board and sickness benefits. Defendant DM&E argues that it intends to introduce evidence of collateral source benefits only on the issue of Anderson's malingering. Generally, "evidence of collateral source payments may be admitted for the competent purpose of showing malingering unless the prejudicial impact attending the possibility that the jury will consider it for the purpose of directly reducing recoverable damages is so high, when compared to its probative value for the acceptable purpose, that its admission would be an abuse of discretion." Vanskike v. ACF Indus., Inc., 665 F.2d

---

[1] DM&E filed an untimely "supplemental" Motion in Limine on December 5, 2016. Because Anderson has not had the opportunity to respond to the supplemental motion, the Court will not address it below.

188, 200 (8th Cir. 1981). The prejudicial impact here is not so high. This Motion is denied without prejudice to specific objections at trial.

### 2. Anderson's Eligibility for Retirement Benefits

Anderson next seeks to exclude evidence that Anderson may be eligible to receive retirement benefits at age 60. DM&E seeks to introduce the evidence to meet Anderson's anticipated claim that he intended to work for the railroad beyond age 60, if not for his injury. If Anderson opens that door, the evidence is relevant and DM&E may properly introduce it. This Motion is denied without prejudice to specific objections at trial.

### 3. Assumption of the Risk

DM&E does not intend to argue that Anderson assumed any risk that led to his injuries. This motion is denied as moot. DM&E is, however, allowed to introduce evidence of contributory negligence.

### 4. Mitigation of Damages

Anderson seeks to exclude all evidence, arguments, and comments that he allegedly failed to mitigate his damages. But a plaintiff has a duty to mitigate his damages in a FELA action. Bissett v. Burlington N. R.R. Co., 969 F.2d 727, 731 (8th Cir. 1992). Evidence that Anderson failed to take reasonable steps to restore his employment and mitigate his damages is relevant. This Motion is denied without prejudice to specific objections at trial.

**B.     DM&E's Motions**

   **1.     Ballast**

DM&E first seeks to exclude all evidence pertaining to the ballast, which is the gravel or stone bed of the railroad track. DM&E claims that evidence pertaining to the ballast is an entirely new claim that, if admitted, would severely prejudice it. But DM&E itself points out that Anderson pled in his Complaint that DM&E negligently permitted dangerous conditions to exist where its employees were required to walk. (Deft.'s Mem. (Docket No. 108) at 3-4.) DM&E further points out that Anderson testified that the ballast was loose and unsafe, and "didn't help" his fall. Anderson's claim is that he fell off the railcar, landed on the ballast, and twisted his ankle. Evidence about the ballast and what Anderson fell on is relevant to DM&E's alleged negligence. Furthermore, no expert testimony is needed to describe loose or uneven ground conditions. This Motion is denied without prejudice to specific objections at trial.

   **2.     Photographs Taken on May 6, 2015**

DM&E next seeks to exclude photographs taken by Anderson in Philip, South Dakota on May 6, 2015. DM&E argues that the photographs are irrelevant because they were taken almost three years after Anderson's injury and DM&E did not own the property at that time. But Anderson is correct that this argument goes to the weight of the evidence, not its admissibility. The photographs may be relevant to give the jury an understanding of the Anderson's working conditions. This Motion is denied without prejudice to specific objections at trial.

### 3. Nick Boyer

DM&E also seeks to exclude the testimony of Nick Boyer. DM&E argues that Boyer's testimony should be excluded because his disclosure occurred after the discovery deadline and the topics he will testify to continue to change. DM&E further argues that Boyer was not working with Anderson at the time of the injury and therefore his testimony is irrelevant. Anderson argues that Boyer's testimony is relevant to help establish Anderson's loss of earning capacity. But Boyer is not an expert on loss of earning capacity and cannot testify to that. Anderson's expert will testify about whether Anderson's future wage progression would have been similar to Boyer's. Any other evidence in this regard would be cumulative. This Motion is granted.

### 4. Dr. Lance Silverman

Pursuant to Federal Rule of Civil Procedure 35, DM&E requested that Dr. Silverman perform an independent medical examination of Anderson. Having decided not to call Dr. Silverman as a witness, DM&E now seeks to preclude Anderson from calling Dr. Anderson as a witness. DM&E argues Anderson is not entitled to call DM&E's expert. But Dr. Silverman is not DM&E's expert. He is an independent medical examiner and his testimony is relevant. This Motion is denied without prejudice to specific objections at trial.

### 5. Psychological Diagnoses and Treatment

Anderson has no objection to this Motion and does not seek to introduce additional expert testimony concerning his psychological injuries and damages. This Motion is denied as moot.

### 6. Alternative Work Procedures or Locations

DM&E next seeks to exclude evidence of alternative work procedures or locations. It is unclear exactly what evidence DM&E seeks to exclude, and Anderson does not provide much guidance. To the extent Anderson seeks to introduce evidence regarding other railyard locations, that evidence is irrelevant. But without more information, this Motion is denied without prejudice to specific objections at trial.

### 7. Lighting

DM&E seeks to exclude evidence regarding the adequacy of the lighting at the railyard. In his Complaint, Anderson specifically pled that DM&E negligently failed to provide adequate lighting in the area where his injury took place. Lighting was also discussed throughout discovery. This evidence is relevant and any testimony from Anderson on the topic is subject to cross examination. No expert testimony is required to discuss lighting. This Motion is denied without prejudice to specific objections at trial.

### 8. Sole Remedy

DM&E also seeks to preclude Anderson's counsel from arguing the FELA is Anderson's sole remedy or method of recovery. Anderson does not object to this Motion, but requests that the jury be instructed that Anderson is ineligible to receive workers' compensation benefits. This Motion is granted. Anderson's counsel may not make any reference to this lawsuit being Anderson's sole remedy because that information is irrelevant and highly prejudicial. The Court will discuss jury instructions with counsel when appropriate.

9.     **Insurance**

Anderson has no objection to this Motion. It is therefore granted.

10.    **DM&E's Size, Financial Condition, or Solvency**

Anderson has no objection to this Motion. It is therefore granted.

11.    **Past Medical Bills**

DM&E next seeks to exclude evidence of any medical bills incurred in relation to Anderson's treatment for his injuries to the extent DM&E paid for such bills. DM&E argues that because it has already paid these bills, Anderson may not recover those damages and the bills are therefore irrelevant. Anderson counters that he will not introduce bills for the purpose of claiming the amount as damages but as evidence of Anderson's expected future medical bills. Such evidence is relevant. This Motion is denied without prejudice to specific objections at trial.

12.    **DM&E's Status as a Foreign Corporation**

Similar to its tenth Motion, DM&E seeks to exclude references about the corporation's size and its status as an out-of-state corporation. Although he had no objections to the previous motion, and "sees no reason to make any references to [DM&E] being a foreign, out-of-state corporation," Anderson argues that this Motion should be denied because evidence of DM&E's size is relevant to show that it has the capability to satisfy its obligations under the FELA. But DM&E's size is only tangentially relevant to its obligations under the FELA, and such references are highly prejudicial. This Motion is granted.

### 13. Congressional Intent

DM&E seeks to preclude Anderson from discussing the Congressional intent or purpose of the FELA. Anderson does not plan to reference the legislative history of the FELA. The Motion is therefore denied as moot. Each party, of course, may discuss the FELA insofar as it relates to this matter.

### 14. Source of Damages Payments

DM&E next seeks to preclude Anderson's counsel from questioning the jurors and making arguments about the "source of damage payments." DM&E argues that such questioning and argument is irrelevant and improperly interjects the implication of insurance. Anderson agrees that he will not insert issues of insurance at trial. This Motion is therefore denied as moot.

### 15. Inflation

DM&E next seeks to exclude any reference or argument regarding inflation or the effect of inflation on future damages. Anderson states that his expert will testify about Anderson's future economic damages and will use the methods set out in Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983). As stated in Jones & Laughlin Steel Corp., "the calculation of an award for lost earnings must be a rough approximation." Jones & Laughlin Steel Corp., 462 U.S. at 546-47. That rough approximation may include the effects of inflation. This Motion is denied without prejudice to specific objections at trial.

### 16. Federal Income Tax

Anderson has no objection to this Motion. It is therefore granted.

**17.    Prejudgment Interest**

Anderson has no objection to this Motion. It is therefore granted.

**18.    "Punishing" or "Sending a Message"**

Anderson has no objection to this Motion. It is therefore granted.

**19.    Media Coverage**

Although DM&E seeks to exclude references to certain media articles or news reports, it fails to specify to what reports or articles it is referring. References to news articles unrelated to Anderson's claims are, of course, irrelevant. To the extent that DM&E seeks to limit the jury from conducting independent research pertaining to the parties, the Court will appropriately instruct the jury throughout voir dire and at trial on this matter. Without more information, this Motion is denied without prejudice as to specific objections at trial.

**20.    Undisclosed Evidence**

DM&E next asks to exclude any undisclosed liability theories, expert opinion, or damages. Anderson of course cannot introduce evidence that he failed to provide during discovery. But any other decision on the admissibility of specific evidence must wait until the testimony is presented at trial. This Motion is denied without prejudice as to specific objections at trial.

**21.    Anderson's Wife**

DM&E seeks to exclude any testimony from Anderson's wife regarding a loss of consortium claim. Anderson does not object to this Motion. It is therefore granted.

**22.    Josh Hislop**

DM&E also seeks to exclude the testimony of Josh Hislop. DM&E argues that Anderson failed to disclose Hislop as a witness and his testimony would be extremely prejudicial to it because it has not had time to depose Hislop. Anderson merely argues that DM&E will not be surprised about Hislop's testimony because Hislop essentially amounts to a "before-and-after witness." But Anderson and his wife are both planning to testify, making Hislop's testimony duplicative and unnecessary. Moreover, Anderson provides no excuse as to why this witness disclosure was untimely. This Motion is granted.

**23.    Medical Bills for Unrelated Conditions**

Lastly, DM&E seeks to generally exclude medical bills that are wholly unrelated to this incident and that do not have a medical provider listed. But DM&E fails to identify any medical bills that it believes are unrelated. Anderson of course cannot introduce medical bills that are irrelevant to his claims here. But without more information, this Motion is denied without prejudice as to specific objections at trial.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Anderson's Motion in Limine (Docket No. 115) is **DENIED**; and

2. DM&E's Motion in Limine (Docket No. 107) is **GRANTED in part** and **DENIED in part** as set forth above.

Dated: December 7, 2016              *s/ Paul A. Magnuson*
                                     Paul A. Magnuson
                                     United States District Court Judge